IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-CR-04065-02-CR-C-BCW |
| v. ) | |
| ) | |
| JONATHAN O'DELL, ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**

COMES NOW Jonathan O'Dell, defendant in the above referenced cause, by and through the undersigned attorney, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution, and respectfully moves this Honorable Court to enter a judgment of acquittal on counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35 of the third superseding indictment, or in the alternative, to order a new trial

.
I. **LEGAL STANDARDS**

**Judgment of Acquittal**

Rule 29 of the Federal Rules of Criminal Procedure governs the entry of a judgment of acquittal. To prevail on a motion for judgment of acquittal, a defendant must show that the evidence presented by the government was not sufficient to permit a reasonable jury to find him guilty beyond a reasonable doubt. *See United States v. Hart,* 212 F.3d 1067, 1070-1071 (8th Cir. 2000); *United States v. James,* 172 F.3d 588, 591 (8th Cir. 1999). The Government's proof will

be held insufficient if the Court concludes that a reasonably minded juror must have a reasonable doubt as to the existence of any one of the essential elements of the crimes charged. *United States. Fleming,* 19 F.3d 1325, 1328 (10th Cir. 1994). Moreover, the deference owed to the prosecution in deciding a motion for judgment of acquittal is not without its limits; the government is not entitled to rely on unreasonably attenuated inferences. *United States v. Bloom,* 482 F.2d 1162, 1164 (8th Cir. 1973).

### New Trial

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. *Fed. R. Crim P.* 33(a). When controlling whether to grant a new trial, the Court has the discretion to "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Dodd,* 391 F.3d 930, 934 (8th Cir. 2004).

Although the court's authority to grant a new trial under Rule 33 should be exercised sparingly and with caution, the trial court nevertheless has broad discretion in deciding whether to grant a new trial in the interest of justice. *United States v. Johnson,* 982 F.2d 1192, 1197 (8th Cir. 1992). A miscarriage of justice occurs, and reversal by the appellate court is required, where "the case as a whole presents an image of unfairness that has resulted in the deprivation of a defendant's constitutional rights, even though none of the acclaimed errors is itself sufficient to require reversal." *United States v. Riddle,* 193 F.3d 995, 998 (8th Cir. 1999). For cumulative error to require a new trial, there must have been substantial prejudice to the defendant. *United States v. Steffen,* 641 F.2d 591, 598 (8th Cir. 1981).

## II. GROUNDS FOR JUDGMENT OF ACQUITTAL

A. Insufficient evidence as to Counts 1-3, 4-6, 7-10, 11-17, 18-20, 21-34, 35

**Insufficient Evidence of Conspiracy**

Counts 1, 2 and 3 of the third superseding indictment require proof that Mr. Odell participated in the conspiracy to murder a federal officer or employee; participated in a conspiracy to assault a federal officer or employee; and participated in a conspiracy to injure an officer. The competent, admissible evidence was insufficient to prove Mr. O'Dell did any of these things. The testimony of Individual #4 lacks credibility as a paid confidential informant. This individual received a substantial benefit that effects their credibility. Individual #3 testified to being a paid employee serving as a law enforcement task officer. This individual testified that part of their job duties included using "deceptive practices" and "legend building" to gain the confidence of targets of federal investigations. The credibility of this individual's testimony should also be in question. The government's argument that Mr. O'Dell conspired with Mr. Perry to take real action against law enforcement agents based on their fantastic rhetoric was inadequate for a guilty finding by the jury.

Count 1 of the third superseding indictment requires proof that Mr. O'Dell reached an agreement with his co-defendant Bryan C. Perry to commit the crime of murder of any officer or employee of the United States or of any agency in any branch of the United States government, specifically an officer or employee of the United States Border Patrol, while such officer is engaged in or on

account of the performance of official duties.  The Defendant argues that at no time during direct examination was there testimony from government witnesses confirming an agreement between Mr. O'Dell and Mr. Perry to commit the crime of murder.  There was no significant evidence submitted that Mr. O'Dell voluntarily or intentionally joined in an agreement to commit the crime of murder at any time.  Nor was there proof of Mr. O'Dell knowing the purpose of such an agreement or ever taking an act with the purpose of carrying out or carrying forward any such agreement.  Mr. O'Dell never took any action to murder any officer or employee of the United States.  It was acknowledged by federal law enforcement during his trial that he peacefully surrendered and never used a firearm to threaten or harm any agent or officer when he was taken into custody. There was no direct evidence presented of threats to commit murder made by Mr. O'Dell.

Count 2 of the third superseding indictment requires proof that Mr. O'Dell reached an agreement with his co-defendant Bryan C. Perry to commit the crime of assault of any officer or employee of the United States.  The Defendant argues that just as in Count 1, the government did not produce overwhelming evidence via witness direct examination testimony that Mr. O'Dell ever reached an agreement to commit the crime of assault or voluntarily and intentionally joined in an agreement with at any point, to assault any employee or officer of the United States.  There was no overwhelming evidence that he knew the purpose of such an agreement nor engaged in one or more acts for the purpose of carrying forward such an agreement.  The government did not demonstrate any legitimate intentional and voluntary attempt or threat to do injury to any employee or officer of the United States. There was no direct examination testimony of Mr. O'Dell legitimately threatening an assault.  Aside from a TikTok video which could be

4 | Page

Case 2:22-cr-04065-BCW    Document 161    Filed 01/02/25    Page 4 of 8

considered a form of exhibitionism, and hyperbolic language during a phone call, there was no substantive evidence submitted of a threat to commit assault by Mr. O'Dell.

Count 3 of the third superseding indictment requires proof that Mr. O'Dell reached an agreement to injure an officer of the United States, specifically an officer of the United States Border Patrol, or his or her property, on account of his or her lawful discharge of the duties of his office, or while engaged in the lawful discharge of his or her duties. The government did not produce significant evidence via witness direct examination testimony that Mr. O'Dell at any point or time, voluntarily and intentionally joined in such agreement or knew the purpose of such an agreement. Mr. O'Dell argues that the weight of evidence provided by the government's witnesses proved inadequate to conclude his guilt beyond a reasonable doubt. The government did not produce evidence that at any point he formed an agreement with co-defendant Bryan C. Perry to injure an officer or United States Border Patrol. Beyond social media rhetoric regarding his displeasure with border security, Mr. O'Dell did not make any serious claims or statements that he and Mr. Perry were in agreement to cause harm or injury to officers of the United States.

## Insufficient Evidence for Additional Counts

Counts 4-10 of the third superseding indictment requires proof that Mr. O'Dell voluntarily and intentionally did something that was a substantial step toward killing an agent, officer or employee of the United States, that strongly corroborated with the defendant's intent to commit that crime. The weight of the government's evidence to prove Mr. O'Dell guilty of attempted murder was insufficient. The government failed to prove that Mr. O'Dell took a substantial step to toward killing any of the named FBI agents or demonstrated an intent to kill any agent. The

government's witnesses acknowledged that Mr. O'Dell surrendered to the agents without incident and no evidence was presented to the jury that he discharged a firearm with the intent of doing harm to law enforcement. Thus, no substantial step was taken by Mr. O'Dell to harm the arresting agents. It was in fact, Mr. Perry who confessed to the shooting when stating "that's on me."

Counts 11-17 of the third superseding indictment requires proof that Mr. O'Dell forcibly assaulted, resisted, opposed, impeded, intimidated or interfered with Federal Bureau of Investigation agents with a deadly or dangerous weapon. The weight of the government's evidence to prove Mr. O'Dell guilty of the crime of assault and was insufficient. There was no direct examination testimony of Mr. O'Dell assaulting any agent with a deadly weapon at any stage of the trial. The confession of assault with a deadly weapon was made by Mr. Perry.

Counts 18-20 of the third superseding indictment require proof that Mr. O'Dell is guilty of the crime of assault of a federal officer or employee that involves physical contact. The government's evidence failed to prove Mr. O'Dell guilty of assault was insufficient. There was no testimony offered that verified Mr. O'Dell ever engaged any federal officer or employee with physical contact or assaulted any agent. As noted previously, it was Mr. Perry who discharged a firearm at the agents and resisted in their effort to detain him. Mr. O'Dell was compliant and surrendered peacefully without incident.

Counts 21 – 34 of the third superseding indictment require proof that Mr. O'Dell committed the crime of use of a firearm during a crime of violence. The government did not provide direct examination testimony or any physical evidence that Mr. O'Dell used a firearm in an attempted murder of a federal officer or employee as charged in Count 5 of the third superseding

indictment. There was no evidence that he discharged a firearm or carried a firearm on the date and time his co-defendant Mr. Perry discharged his firearm at the arresting agents.

Count 35 of the third superseding indictment requires proof that Mr. O'Dell committed the crime of depredation of government property. The government failed to provide direct examination testimony or any physical evidence that Mr. O'Dell injured or damaged or attempted to injure or damage any property. Government witness testimony confirmed that it was Bryan C. Perry who discharged the weapon that damaged the "Bearcat" vehicle which was the property of the federal government. There was no evidence that Mr. O'Dell fired at the agents or vehicle at any time.

## B. CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant respectfully moves this Honorable Court to enter a judgment of acquittal on counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35 of the third superseding indictment and or to order a new trial, or for such other and further relief which the Court deems just and proper.

RESPECTFULLY SUBMITTED:
/s/ Jonathan Truesdale
Jonathan D. Truesdale Mo. Bar No. 64315
Attorney for the Defendant
Truesdale Law, LLC
600 Broadway Blvd., Suite 460
Kansas City, Missouri 64105
(816) 253-8007
jdtrueslaw@gmail.com

## Certificate of Service

     I hereby certify that on this day, January 2, 2025, an electronic copy of the foregoing was sent through the CM-ECF system of the United States District Court for the Western District of Missouri to counsel of record.

/s/ Jonathan D. Truesdale
Jonathan D. Truesdale
